THE TOWNSHIP OF EATONTOWN, IN THE COUNTY OF MONMOUTH, PROSECUTOR, v. MONMOUTH ELECTRIC COMPANY.

Submitted June 4, 1907—Decided November 11, 1907.

A county board of taxation created by the act approved April 14th, 1906 (*Pamph. L., p.* 210), has no jurisdiction to reduce the assessed valuation imposed upon property by the assessor of a township on the appeal of the owner in the absence of both actual and constructive notice to the township or its representatives of the hearing of such appeal.

On *certiorari.* In matter of taxation.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *James Steen.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of *certiorari* brings under review a judgment of the Monmouth county board of taxation reducing the assessed valuation imposed by the assessor of the township of Eatontown, in the county of Monmouth, upon the property of the Monmouth Electric Company from $25,-000 to $13,900.

It appears by the state of the case that, on December 19th, 1906, the electric company presented to the county board an appeal from the valuation of the assessor; that on that day, at a meeting of the board held in Freehold, "the appeals in the vicinity of Red Bank" were referred to one of the members of the board, "to be heard on Saturday, December 22d;" that on the day last named the member to whom such appeals were referred, without notice to anybody representing the township, heard the testimony of the president and counsel of the electric company; that such member came to the conclu-

sion that the assessed valuation of the company's property should be reduced from $25,000 to $13,900; that such member reported his view to the county board December 29th, 1906, and they "approved" his conclusions without further investigation.

The prosecutor insists the judgment must be set aside for the reason, among others, that no notice was given to the township or any officer thereof, either of the appeal or of the hearing thereof.

We think that this contention must prevail.

The act establishing county boards of taxation (*Pamph. L.* 1906, *p.* 210), in section 3 thereof, provides, among other things, that "it shall be the duty of each of such county boards to meet, from time to time, as they shall deem proper, and any taxpayer feeling aggrieved by the assessed valuation of his property * * * may, within such time, and upon such terms as the said board shall by rule prescribe, file a petition of appeal to such board, setting forth therein the cause of complaint, the nature and location of such assessed property and the relief sought. Such board shall thereupon make such order respecting the time and manner of hearing such appeal as they shall deem just, and shall summarily hear and determine such complaints, and revise and correct such assessments in accordance with the true value of such taxable property."

Section 9 of the same act provides that "the county boards of taxation shall have all the powers given to commissioners of appeal or any local board charged with the duty of reviewing taxes on appeal, in accordance with the provisions of the act to which this is a supplement, under such rules and regulations as it may, from time to time, prescribe and adopt. Said county boards of taxation shall hear and determine all appeals that may be made at such times and under such rules and regulations as it may, from time to time, prescribe and adopt."

It will be perceived, therefore, that the act in effect provides for a *quasi*-judicial procedure before the county board who are to exercise the same functions, among others, includ-

ing the rendition of judgment, as were formerly exercised by the commissioners of appeal.

The general rule is well settled that, in every proceeding of a judicial nature, it is essential that the person whose rights are to be affected should be a party to the proceeding, and have an opportunity of making defence. *Hess* v. *Cole*, 3 *Zab.* 116; *Hutton* v. *Camden*, 10 *Vroom* 122.

Following that rule it has been held in matters of taxation that a party whose interests are to be affected is entitled to either actual or constructive notice of the meeting of commissioners of appeal. *State* v. *Runyon*, 12 *Vroom* 98; *Nixon* v. *Ruple*, 1 *Id.* 58.

We think that such notice is necessary to an exercise of the powers of the county board of taxation upon appeal, and that this is so notwithstanding the fact that the act does not in express terms require it. *Vantilburgh* v. *Shann*, 4 *Zab.* 740; *Wilkinson* v. *Trenton*, 7 *Vroom* 499; *Folwell* v. *Warford*, 3 *Id.* 207.

In the present case it is admitted that no actual notice was given the township or its representatives, and we think it clear that it had no constructive notice.

We do not overlook the fact that it was held in *Nixon* v. *Ruple, supra,* that all parties are bound to take notice of the day appointed by law for the meeting of the commissioners of appeal in cases of taxation. But we point out that therein it was also held that if the commissioners meet at any other time than that appointed by law, such meeting must be upon notice, and must also be at the place of holding the town meeting in order to obtain jurisdiction of the person of the assessor, and they cannot, therefore, without such notice, alter his assessment.

Section 4 of the act creating county boards of taxation provides, among other things, that "such assessors * * * shall, as now provided by law, subject to the operation of this act, make all assessments of property in their respective taxing districts, and shall make out a full and true copy of their assessment lists, which shall be called their duplicates, and shall, on the first Tuesday of August, in each year, attend

before the said boards of their respective counties, at the court house of said county, at ten o'clock in the forenoon. Said boards shall hold annual meetings on the day aforesaid, at the place and hour aforesaid, for the purpose of examining, revising and correcting the tax lists and the duplicates, both of which the said assessors  *  *  *  shall lay before such board, to be by them examined, revised and corrected.  *  *  * Any assessor  *  *  *  shall also attend before their respect- ive boards at such time and place as said board may direct, and shall, under the direction and supervision of such board, make up and prepare the corrected tax lists and duplicates herein provided for. Such boards may adjourn, from time to time, in the discharge of their duties, and shall have the power, after investigating, to revise, correct and equalize the assessed value of all property in the respective taxing dis- tricts; to increase or decrease the assessed value of any prop- erty not truly valued; to add to said lists and duplicates any property which has been omitted or overlooked at its true value, and in general to do and perform all acts and things necessary for the taxation of all property in said county equally and at its true value."

The county board of taxation is a special tribunal, and it is well settled that such tribunals should show upon the face of their record all facts necessary to give jurisdiction. *Nixon* v. *Ruple, supra; Wilkinson* v. *Trenton, supra; Folwell* v. *Warford, supra.*

The record brought up fails to show constructive notice to the township or its officers. On the contrary, the state of the case shows want of such notice. It appears that the appeal was filed with the county board at a meeting held at Freehold, December 19th, 1906; that the township and its officers had no knowledge of the appeal; that "the appeals in the vicinity of Red Bank" were referred to a single member, "to be heard on Saturday, December 22d," but at what hour and particular place does not appear; that the hearing before the single member was held at Red Bank on the last-named day, be- tween the hours of three and four o'clock in the afternoon, without notice to the township or its assessor or other repre-

sentative, and that the township was unrepresented at the hearing; that the conclusion of the single member was "approved" by the board at a meeting held December 29th, 1906, but where the meeting was held does not appear.

If we were to assume, which under the circumstances of this case we cannot do, that the assessor was, in legal contemplation, supposed to know of what transpired at the meeting of the county board held at Freehold, December 19th, 1906, yet it is plain that the reference for hearing of the appeal in question would not have amounted to notice because it was indefinite and meaningless as to time and place of hearing, and, therefore, insufficient for that purpose. *Folwell* v. *Warford, supra.*

Under these circumstances, we conclude that the township had no notice, either actual or constructive, either of the appeal or of the hearing thereof.

For these reasons the judgment under review must be set aside, but without costs.